UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br>  v.<br>DARRYL WILLIAMS,<br><br>                Defendant. | Case No. 3:99-cr-00161-HDM-RAM<br><br>ORDER |

Defendant Darryl Williams has filed a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). (ECF No. 44). The government has opposed (ECF No. 53), and Williams has replied (ECF No. 55).

On December 2, 1999, Williams robbed a California Federal Bank branch in Reno, Nevada. During the robbery, Williams showed the tellers a scanner and said it would alert him if they activated the silent alarm and that he would shoot them if they did. On December 13, 1999, Williams was pulled over for crossing a highway dividing line. In the middle of the traffic stop, Williams took off in his vehicle, leading police on a high-speed car chase that ultimately resulted in a fourteen-hour standoff during which Williams discharged a firearm. Williams was charged in state court with several counts related to the police chase and armed standoff. He was charged in federal court, in this action, with possession of a firearm by a prohibited person and bank robbery.

Williams agreed to plead guilty to bank robbery in this action, pursuant to a plea agreement, and was sentenced to 165

months in prison. (ECF No. 29). Williams did not begin to serve the instant sentence until 2016, after he completed his Nevada state sentence imposed in connection with the armed standoff. (*See* ECF No. 44 at 4 & n.4). Having served about 53 months of his 165-month sentence, Williams now seeks early release from confinement pursuant to the provisions of 18 U.S.C. § 3582(c)(1)(A).

**I. Standard**

18 U.S.C. § 3582(c)(1)(A) provides in relevant part:

> [T]he court, . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
>
> (i) extraordinary and compelling reasons warrant such a reduction;
>
> . . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.[1]

U.S.S.G. § 1B1.13 provides:

> Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised

---

[1] In addition to "extraordinary and compelling reasons," the court may grant a motion if "the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g)." 18 U.S.C. § 3582(c)(1)(A)(ii). Because Williams is not over 70 years of age and has not served more than thirty years in prison, this provision does not apply.

2

>            release with or without conditions that does not exceed
>            the unserved portion of the original term of
>            imprisonment) if, after considering the factors set
>            forth in 18 U.S.C. § 3553(a), to the extent that they
>            are applicable, the court determines that—
>
>                 (1)(A) extraordinary and compelling reasons warrant
>            the reduction;
>
>                 . . .
>
>                 (2) the defendant is not a danger to the safety of
>            any other person or to the community, as provided in 18
>            U.S.C. § 3142(g); and
>
>                 (3) the reduction is consistent with this policy
>            statement.
>
> U.S.S.G. § 1B1.13.

The defendant is not entitled to be present for a hearing on a motion for compassionate release. *See* Fed. R. Crim. P. 43(b)(4).

## II. Analysis

Williams seeks release pursuant to § 3582(c)(1)(A) due to the COVID-19 epidemic and his underlying health conditions, which put him at greater risk of severe COVID-19 complications should he contract the virus. The government opposes, arguing first the court should stay this action until the warden has decided whether to release Williams to home confinement as part of ongoing class action litigation in the Central District of California. The government further argues that although Williams has demonstrated extraordinary and compelling reasons for his release, he remains a danger to the community and the § 3553(a) factors do not favor his release.

### A. Exhaustion

Before a defendant may file a § 3582(c)(1)(A) motion, he must either (1) exhaust any administrative appeals of the warden's refusal to bring a motion or (2) wait thirty days from the warden's

3

receipt of the request, whichever is earlier. Williams' counsel submitted a request for compassionate release to the warden May 26, 2020. (ECF No. 45-1). Thirty days have elapsed from the date Williams's request was submitted, so the motion is exhausted.

The government argues that Williams is a member of a class action consisting of Lompoc inmates in which the warden has been ordered to evaluate each class member and provide written notice either granting or denying release to home confinement. *Torres et al. v. Milusnic et al.*, No. CV 20-4450-CBM-PVC(x). The government submits that by participating in the class action, Williams has sought to expand his administrative remedies and must therefore wait for the warden's response in that case.

The defendant opposes any stay of this action.

The government's argument that the motion is unexhausted because Williams has sought to expand his administrative remedies is not persuasive. All that § 3582(c)(1)(A) requires is that 30 days have elapsed since the warden received the defendant's request for compassionate release. Because that condition is met here, the motion is exhausted.

In light of the defense's objection to a stay, and for the reasons set forth above, the court declines to stay consideration of the compassionate release motion.

**B. Extraordinary and Compelling Reasons**

Section 1B1.13 sets forth specific examples of "extraordinary and compelling reasons," including in relevant part that the defendant is "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a

4

correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13 app. n.(1)(A)(ii)(I). There is also a catch-all provision, which provides: "As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." *Id.* app. n.(1)(D).

The government concedes that extraordinary and compelling reasons exist in this case. Williams is both housed in an institution where COVID—19 has spread widely and suffers from several ailments that put him at a greater risk of COVID-19 complications: heart disease, hypertension, kidney disease and obesity. The court concludes that extraordinary and compelling reasons exist.

**C. Danger to the Community**

The court may grant compassionate release only if the defendant is not a danger to any other person or to the community, as provided in 18 U.S.C. § 3142(g). *United States v. Johnson*, 2020 WL 2114357, at *1 (E.D. Wash. May 4, 2020) ("[T]he Court should not grant a sentence reduction if the defendant poses a risk of danger to the community, as defined in the Bail Reform Act."). Under § 3142(g), the court must consider:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;

5

>     (3) the history and characteristics of the person, including--
>
>         (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>
>         (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
>     (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

The instant offense involved a bank robbery that included a threat of violence. Previously, Williams committed a string of robberies, many of them armed, in 1991. He was incarcerated until May 1999 and less than seven months later committed the offenses involved in this case. In addition, he also committed yet another armed robbery around this time.

The offense in this action was violent and one of many violent crimes Williams committed using firearms to threaten victims. While Williams argues that all of his offenses were committed more than twenty years ago, that fact is only minimally probative given that he has been incarcerated for all of the past twenty years. In addition, Williams committed the instant offense less than seven months after being released from an 87-month sentence in California state court.

The offense in this case was part of a violent and continuous criminal history that frequently involved using firearms to

6

threaten victims. Williams' efforts to improve himself and relatively clean disciplinary history are commendable, but the court is not persuaded that such conduct outweighs his violent criminal history. Accordingly, on those grounds, the court will deny the motion for compassionate release.

### D. 18 U.S.C. § 3553(a) Factors

Finally, the factors under § 3553(a) also do not support early release. The nature and circumstances of Williams' offense and other offenses were serious. Further, Williams has served less than a third of his sentence in this case – and even assuming he receives all good-time credit available he has served less than forty percent of his sentence. The court believes that Williams should serve the full sentence which was imposed in order to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and avoid unwarranted sentencing disparities.

## III. Conclusion

In accordance with the foregoing, Williams' motion for compassionate release (ECF No. 44) is hereby DENIED.

IT IS SO ORDERED.

DATED: This 14th day of September, 2020.

_____
UNITED STATES DISTRICT JUDGE