UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 3:99-cr-00161-HDM-RAM |
| Plaintiff, | |
| v. | ORDER |
| DARRYL WILLIAMS, | |
| Defendant. | |

Defendant Darryl Williams has filed a second motion for reduced sentence or modified judgment under 18 U.S.C. § 3582(c)(1)(A)(i). (ECF No. 68). The government has opposed (ECF No. 74), and Williams has replied (ECF No. 77).

On December 2, 1999, Williams robbed a California Federal Bank branch in Reno, Nevada. During the robbery, Williams showed the tellers a scanner and said it would alert him if they activated the silent alarm and that he would shoot them if they did. On December 13, 1999, Williams was pulled over for crossing a highway dividing line. In the middle of the traffic stop, Williams took off in his vehicle, leading police on a high-speed car chase that ultimately resulted in a fourteen-hour standoff during which Williams discharged a firearm. Williams was charged in state court with several counts related to the police chase and armed standoff. He was charged in federal court, in this action, with possession of a firearm by a prohibited person and bank robbery.

Williams pleaded guilty to bank robbery pursuant to an agreement and was sentenced to 165 months in prison. (ECF No. 29). Williams did not begin to serve the instant sentence until 2016,

1

after he completed his Nevada state sentence imposed in connection with the armed standoff. (*See* ECF No. 44 at 4 & n.4).

In 2020, Williams sought compassionate release based on the COVID-19 epidemic and his underlying health conditions. The government at the time conceded - and the court agreed -- that extraordinary and compelling reasons for a reduction existed. But the court nonetheless denied Williams' motion on the grounds that he presented a danger to the community and because the § 3553(a) factors did not favor release.

Williams again seeks early release from confinement pursuant to the provisions of 18 U.S.C. § 3582(c)(1)(A) on the basis of his new and worsening medical conditions and a non-retroactive change to the Guidelines applicable to his case. Specifically, Williams asserts that since the filing of his prior motion, he was diagnosed with kidney cancer and one of his kidneys has been removed. As a result, he argues, his previously existing chronic kidney disease is progressing at an accelerated rate because he has only one kidney. He argues also that the Bureau of Prisons has been slow to treat many of his conditions and has repeatedly failed to properly submit his blood for testing. In addition, Williams asserts that if he were sentenced today he would no longer qualify as a career offender under the Guidelines and his sentence would, accordingly, be within a much lower Guidelines range – that is, 84-105 months.

**I. Standard**

A defendant may seek compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), which provides in relevant part:

> [T]he court, . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to

> bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
>
> (i) extraordinary and compelling reasons warrant such a reduction;
>
> . . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.[1]

At the time U.S.S.G. § 1B1.13 was drafted to guide application of § 3582(c)(1)(a), only the warden of a defendant's institution could bring a motion for compassionate release. However, following the First Step Act, Pub. L. No. 115-391, Title VI, sec. 603(b)(1), § 3582, 132 Stat. 5194, 5239 (2018), defendants may now bring such motions directly to the court. Section 1B1.13 has not been updated since the amendment. The Ninth Circuit has therefore concluded that the current version of § 1B1.13 is not applicable to § 3582(c)(1)(A) motions brought directly by a defendant, and, as such, is not binding on the court in this context. *United States v. Aruda*, 993 F.3d 797, 801-02 (9th Cir. 2021). Nevertheless, the

---

[1] In addition to "extraordinary and compelling reasons," the court may grant a motion if "the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g)." 18 U.S.C. § 3582(c)(1)(A)(ii). Because Williams is not at least 70 years old and has not served more than thirty years in prison, this provision does not apply.

factors set forth in § 1B1.13 may inform the court's exercise of its discretion. *Id.* U.S.S.G. § 1B1.13 provides:

> Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—
>
> (1)(A) extraordinary and compelling reasons warrant the reduction;
>
> . . .
>
> (2) the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>
> (3) the reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13.

A defendant is not entitled to be present for any hearing on a motion for compassionate release. *See* Fed. R. Crim. P. 43(b)(4).

**II. Analysis**

Before a defendant may file a § 3582(c)(1)(A) motion, he must either (1) exhaust any administrative appeals of the warden's refusal to bring a motion or (2) wait thirty days from the warden's receipt of the request, whichever is earlier. Williams submitted his latest request for compassionate release to the warden of his institution on November 2, 2022. More than thirty days have elapsed from the date Williams' request was submitted, so the motion is exhausted.

As to whether Williams has presented extraordinary and compelling reasons for release, the court concludes he has. Williams is facing numerous medical conditions – some of them quite

4

serious -- and his care will undoubtedly require significant management and interventions for the rest of his life. The court also recognizes Williams' concern that his institution has not always addressed his medical concerns as quickly as, or in the manner that, he would have preferred.[2] The court finds less compelling in this case Williams' argument regarding the non-retroactive change to the Guidelines. The parties agree that Williams would not qualify as a career offender were he sentenced today because one of his predicate convictions – robbery in violation of California Penal Code § 211 -- is no longer a crime of violence. *See United States v. Bankston*, 901 F.3d 1100, 1103-04 (9th Cir. 2018). However, the court agrees with the government that this fact is far less persuasive in the context of this case, where the underlying crimes were in fact violent and part of a pattern of violent acts by the defendant over the course of many years.

After consideration of the 18 U.S.C. § 3553(a) factors, the court again concludes that release is not appropriate.

The nature and circumstances of Williams' instant offense and his criminal history reflects a pattern of serious criminal conduct. The offense in this case involved a bank robbery that included a threat of violence and was part of a violent and continuous criminal history that frequently involved the use of firearms to threaten victims. Previously, Williams committed a

---

[2] While the court agrees with the government that an appropriate venue for these concerns would be a civil rights lawsuit asserting an Eighth Amendment claim, it does not agree that such allegations cannot be considered in the context of a motion for compassionate release.

string of robberies, many of them armed, in 1991. He was incarcerated until May 1999 and less than seven months later he committed the offenses involved in this case. While Williams' efforts to improve himself and his relatively clean disciplinary history are commendable, such conduct does not outweigh his violent criminal history or justify a reduction in sentence. Nor does the balance tip in favor of release based on the other factors Williams has identified, including: (1) the progression of Williams' medical conditions; (2) the nonretroactive changes in the law applicable to his case; (3) the recommendations from Williams' former state prison supervisor and BOP supervisor; (4) the expert opinions provided; or (5) Williams personal hardships, both within and outside the institution. In order to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and avoid unwarranted sentencing disparities, the court concludes that Williams' motion for reduced sentence or modified judgment (ECF No. 68) should be DENIED.

IT IS SO ORDERED.

DATED: This 29th day of June, 2023.

_____
UNITED STATES DISTRICT JUDGE